UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Amanda Ferguson and
Janet Sandwick,

        Plaintiffs,

v.

Wabasha County,
a Minnesota municipal corporation,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 18-1541 ADM/ECW

_____

Emma Denny, Esq., Halunen Law, Minneapolis, MN, on behalf of Plaintiffs.

Cally R. Kjellberg-Nelson, Esq., and Dyan J. Ebert, Esq., Quinlivan & Hughes, PA, St. Cloud, MN, on behalf of Defendant Wabasha County.

_____

## I. INTRODUCTION

On August 1, 2019, the undersigned United States District Judge heard oral argument on Defendant Wabasha County's (the "County") Motion for Summary Judgment [Docket No. 24]. For the reasons stated below, the County's Motion is granted in part.

## II. DISCUSSION

Plaintiffs Amanda Ferguson ("Ferguson") and Janet Sandwick ("Sandwick") (collectively, "Plaintiffs") allege the County discriminated against them based on their sexual orientation. Compl. [Docket No. 1]. Plaintiffs assert federal claims under 42 U.S.C. § 1983 (Count I) and state law claims under the Minnesota Human Rights Act, Minn. Stat., § 363A.01 et seq. ("MHRA") (Count II). During oral argument on the County's summary judgment motion, Plaintiffs conceded that their federal claims under § 1983 should be dismissed. At the Court's request, the parties filed post-hearing letter briefs [Docket Nos. 41, 42] addressing whether the

Court should exercise supplemental jurisdiction over the remaining state law claims.

"A federal district court has the discretionary power to decline jurisdiction where it has 'dismissed all claims over which it has original jurisdiction.'" Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004) (quoting 28 U.S.C. § 1367(c)(3)). In determining whether to exercise supplemental jurisdiction, courts should consider judicial economy, convenience, fairness, and comity. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (citing Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350, n.7.

Here, judicial economy is best served by declining to exercise jurisdiction over the MHRA claims. The Court has not yet expended significant judicial resources or issued a substantive order in this case, which remains in the early stages of litigation. The Court's involvement has been limited to the magistrate judge's issuing of a stipulated protective order and a pretrial scheduling order, and the magistrate judge's resolution of an issue concerning the disclosure of private data. See Docket Nos. 12, 14, 20, 23. This summary judgment motion is the district judge's first "hands on" involvement with the case.

Comity also weighs in favor of declining to exercise supplemental jurisdiction. Plaintiffs conceded the dismissal of their federal claims without explanation or argument and focused entirely on their state law claims. Exercising supplemental jurisdiction under these circumstances would essentially condone forum shopping, because a plaintiff wishing to litigate their state claims in federal court could do so by merely including a federal claim in their

complaint and then immediately conceding the federal claim after the case is filed. Under these circumstances, the Court declines to exercise supplemental jurisdiction and the state claims will be dismissed without prejudice to bringing them in state court. The briefing and effort the parties have expended to bring this case to the summary judgment stage in federal court will assist the parties as they proceed in state court.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Wabasha County's Motion for Summary Judgment [Docket No. 24] is **GRANTED IN PART**;

2. Plaintiffs concede the dismissal of Count I of the Complaint [Docket No. 1], and Count I is **DISMISSED WITH PREJUDICE**; and

3. The Court declines to exercise supplemental jurisdiction over the state law claims alleged in Count II of the Complaint, and Count II is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: August 15, 2019

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE